UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-11082-RGS

LOBARI BLACKWELL

v.

EVERETT POLICE DEPARTMENT

<u>ORDER</u>

May 15, 2025

STEARNS, D.J.

*Pro se* litigant Lobari Blackwell brings this action against the Everett Police Department, claiming that they unlawfully arrested him. Blackwell has also filed a motions for leave to proceed *in forma pauperis* and summary judgment. For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis*, direct Blackwell to file an amended complaint, and DENY the motion for summary judgment without prejudice.

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Considering the information Blackwell provided in his original motion for leave to proceed *in forma pauperis*, his renewed motion for leave to proceed *in forma pauperis*, and supplementing material, the court concludes

that Blackwell has adequately demonstrated he is unable to pay the $405 filing fee. Accordingly, the motion is <u>GRANTED</u>.

## REVIEW OF THE COMPLAINT

Because Blackwell is proceeding *in forma pauperis*, the court may conduct a preliminary review of his complaint and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting this review, the court liberally construes Blackwell's complaint because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## I. Blackwell's Allegations

Blackwell's claim is that he was "unlawfully apprehended without facts nor affirmation of a crime in opposition of the Fourth Amendment and held without due process in opposition of the Fifth, Thirteenth, and Fourteenth Amendment, after being compelled to identify oneself in opposition of the Fifth Amendment by Officials of Everett Police Department in the City of Chelsea." (Dkt #1 at 2). An exhibit Blackwell included with the complaint indicates that Blackwell was arrested on December 18, 2024 and criminally charged for failing to stop for the police in violation of M.G.L. ch. 90, § 25, and failing to identify himself to law enforcement in violation of M.G.L. ch.

89, § 4A.  (Dkt #1-4 at 2).  The same document indicates that he received a civil citation for a marked lanes violation.  *Id.*

## II.  Discussion

To state a claim upon which relief may be granted, a complaint must set forth a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  In evaluating the sufficiency of the complaint, the court only considers "well-pleaded" factual allegations.  In other words, factual allegations that consist merely of "labels and conclusions" are not credited.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Further, the well-pleaded facts, accepted as true, must "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is considered "plausible" when the plaintiff's non-conclusory factual allegations, treated as true, allows the court to reasonably infer that the defendant is liable to the plaintiff.

Here, Blackwell's complaint fails to state a claim upon which relief may be granted because his factual allegations do not plausibly plead that the

Everett Police Department or any of its individual officers violated his rights—notwithstanding Blackwell's legal conclusions to the contrary.

Blackwell's claim appears to be that, during a traffic stop, he was wrongfully arrested after refusing to identify himself to a police officer. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)

Here, Blackwell does not plausibly plead that his arrest was unreasonable. Under Massachusetts law, the operator of a motor vehicle commits a crime if he intentionally refuses to provide identification to a police officer. *See* M.G.L. ch. § 90, § 25; *see also* M.G.L. ch. 90, § 21 (allowing warrantless arrest of someone who violates M.G.L. § 90, § 25). Blackwell alleges that during a traffic stop he refused to provide his name to an Everett police officer. Thus, there was probable cause for the officers to believe Blackwell had committed a crime.

**ORDER**

In accordance with the foregoing:

1.      The motion for leave to proceed *in forma pauperis* is <u>GRANTED</u>.

2.      If Blackwell wishes to proceed with this action, he must file an amended complaint in which he states a claim upon which relief may be given.   Failure to do so within twenty-eight (28) days will result in dismissal of this action without prejudice.

3.      The motion for summary judgment is <u>DENIED</u>.  If this case goes forward, the court will consider a motion for summary judgment once the parties have completed discovery.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE